IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   18-cr-00096-LTB

**UNITED STATES OF AMERICA,**

**Plaintiff,**

v.

**DEIVY ROMERO-LOPEZ**

**Defendant.**

---

### PLEA AGREEMENT

---

The United States of America, by and through Jason R. Dunn, United States Attorney for the District of Colorado, and Daniel McIntyre, Special Assistant United States Attorney, and the defendant, DEIVY ROMERO-LOPEZ, personally and by counsel, Matthew Belcher, Assistant Public Defender, hereby submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I.   AGREEMENT

**A.   *Defendant's Plea of Guilty:***

The defendant agrees to plead guilty to the sole count of the Indictment, charging a violation of 8 U.S.C. § 1326(a) and (b)(1), illegal re-entry of a previously deported alien following a felony conviction.

**B.   *Government's Obligations:***

In exchange for the defendant's plea of guilty, the United States agrees to recommend the Court give the defendant full credit for acceptance of responsibility,

**COURT EXHIBIT 1**

unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under U.S.S.G. §§ 3C1.1 and 3E1.1, comment (note 4) between the time of the guilty plea and sentencing.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense to which the defendant will plead guilty are as follows:

*First*: The defendant was an alien (not a citizen or national of the United States) at the time alleged in the indictment;

*Second*: the defendant had previously been deported and removed from the United States;

*Third*: the defendant knowingly entered and was found in the United States;

*Fourth*: the defendant had not received the consent of the proper legal authority to reapply for admission to the United States.

Note: The defendant acknowledges that he was convicted of a felony prior to his removal from the United States. This is not an essential element of the offense, but rather is a sentencing factor for the Court. *See Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998).

## III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of 8 U.S.C. § 1326(a) and (b)(1) is not more than 10 years of imprisonment; not more than a $250,000 fine, or both; not more than 3 years supervised release; and a $100 special assessment fee. If a term of probation or supervised release is imposed, any violation of the terms and/or conditions

of supervision may result in an additional term of imprisonment.

## IV. COLLATERAL CONSEQUENCES

This felony conviction may cause the loss of civil rights including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury. If the defendant is an alien, the conviction may cause the defendant to be deported and removed from the United States, to be denied admission to the United States, and to be denied citizenship.

## V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate and agree as follows: The defendant is a native and citizen of Mexico without claim to lawful immigration status in the United States. The defendant

3

has been removed from the United States on August 28, 2010, August 30, 2011 and July 6, 2013. The defendant did not seek or obtain permission to return lawfully to the United States. In other words, the defendant did not obtain the express consent of the proper legal authority to reapply for admission to the United States. Nonetheless, he returned. Immigration officials encountered the defendant in the District of Colorado on January 3, 2018.

With respect to his criminal history, the defendant has sustained the following felony conviction prior to his removal:

- On August 25, 2011, in the District Court for Denver County, Colorado, the defendant was convicted for the offense of Possession of a Controlled Substance – Over 4 grams.

- On June 26, 2013, in the U.S. District Court for the District of Colorado, the defendant was convicted of Illegal Re-entry of a Removed Alien, for which he was sentenced to time served. 13-cr-00135-LTB.

## VI.   ADVISORY GUIDELINE COMPUTATION AND 18 U.S.C. § 3553 ADVISEMENT

The parties understand that the United States Sentencing Guidelines are only advisory, but represent the starting point and benchmark for sentencing. The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. To aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines (USSG). To the

extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The parties disagree on the applicable guideline calculation in this case. The defendant believes that the November 2015 guideline manual applies. The government believes that the November 2016 guideline manual applies. Both calculations are set out below.

<u>The defendant's guideline calculation using the November 2015 guideline manual is as follows</u>:

    A.    The base offense level is **8**

    B.    Specific offense characteristics: **4-level** increase because the defendant was convicted of a felony prior to being deported from the United States

    C.    There are no victim-related, role-in-offense, obstruction and/or multiple count adjustments.

    D.    The Adjusted offense level therefore would be **12**

    E.    The defendant should receive a **2 level** adjustment for acceptance of responsibility. The resulting total offense level therefore would be **10.**

    F.    The parties believe the defendant's criminal history category is **V.**

    G.    Assuming the criminal history facts known to the parties are correct, the career offender/criminal livelihood/armed career criminal adjustments would not apply.

    H.    The advisory guideline range of imprisonment resulting from an offense level of **10** and the above criminal history category is **21-27** months. However, in order to be as accurate as possible, with the criminal history

category undetermined at this time, the offense level estimated above could conceivably result in a range from 6 to 30 months.

**The government's guideline calculation using the November 2016 guideline manual is as follows:**

    A.    The base offense level is **8**.

    B.    Specific offense characteristics: There is an **14-level** increase because the defendant has previously been 1) convicted of Illegal R-entry. § U.S.S.G. 2L1.2(b)(1)(A), and 2) convicted of a felony offense based on conduct occurring after his first order of removal, for which the sentence imposed was five years.  § U.S.S.G. 2L1.2(b)(3)(A).

    C.    There are no victim-related, role-in-offense, obstruction and/or multiple count adjustments.

    D.    The adjusted offense level therefore would be **22**.

    E.    The defendant should receive a 3-level adjustment for acceptance of responsibility under § 3E1.1.  The resulting, total offense level therefore would be **19**.

    F.    The parties understand that the defendant's criminal history computation is tentative.  The criminal history category is determined by the Court based on the defendant's prior convictions.  Based on information currently available to the parties, it is estimated that the defendant's Criminal History Category would be **V**.

    G.    Assuming the criminal history facts known to the parties are correct, the career offender/criminal livelihood/armed career criminal adjustments would not apply.

    H.    <u>Imprisonment</u>:  The advisory guideline range of imprisonment resulting from an offense level of **19** and the above criminal history category is **57-71** months. However, in order to be as accurate as possible, with the criminal history category

undetermined at this time, the offense level estimated above could conceivably result in a range from 30 to 78 months.

  I. <u>Fine</u>: Pursuant to guideline § 5E1.2, assuming an estimated offense level of 19, the fine range for this offense would be $10,000 to $100,000, plus applicable interest and penalties.  The fine range for an offense level 10 would be $4,000 to $40,000.

  J. <u>Supervised Release</u>: The guideline range of supervised release under § 5D1.2 is at least one year but not more than three years.

The parties understand that although the Court will consider the parties' guideline estimate, the Court must make its own determination of the applicable guideline range. In doing so, the Court is not bound by the position of any party.  The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII. ENTIRE AGREEMENT

This document states the parties' entire agreement.  There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied.  In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not

expressly stated in this agreement.

Date: 4/5/2019

_____
Deivy Romero-Lopez
Defendant

Date: 4/5/2019

_____
Matthew Belcher
Attorney for the Defendant

Date: 4/5/19

_____
Daniel McIntyre
Special Assistant United States Attorney

8