EN EL TRIBUNAL FEDERAL DE PRIMERA INSTANCIA DE EEUU
DEL DISTRITO DE COLORADO

Causa penal no. 18-cr-00096-LTB

**ESTADOS UNIDOS DE NORTEAMÉRICA**,

Parte demandante,

c.

**DEIVY ROMERO-LÓPEZ**,

El acusado.

---

## CONVENIO DECLARATORIO

---

La Fiscalía de Estados Unidos, por y mediante el Lic. Jason R. Dunn, Fiscal federal del Distrito de Colorado, y el Lic. Daniel McIntyre, Fiscal federal especial delegado, y el acusado, DEIVY ROMERO LÓPEZ, personalmente y mediante su abogado, el Lic. Matthew Belcher, Defensor público federal delegado, por la presente presentan para constar el presente Convenio Declaratorio a continuación, en conformidad con D.C.COLO.LCrR 11.1.

### I. EL CONVENIO

**A.**  *Declaración de culpabilidad del acusado*:

El acusado se compromete a declararse culpable ante la única cuenta de la Acusación formal que imputa quebrantamiento del Título 8, del U.S.C. (Código Penal de EEUU) § 1326(a) y (b)(1), reentrada ilegal de un indocumentado deportado anteriormente, después de ser condenado por un delito mayor.

**COURT EXHIBIT 1(A)**

**B.     *Obligaciones de la Fiscalía federal:***

A cambio de su declaración de culpabilidad del acusado, la Fiscalía Federal acepta (1) recomendar al Juzgado que al acusado le conceda la rebaja completa por aceptar su responsabilidad a menos que el acusado cometa un acto que llene los requisitos para un aumento por estorbo de justicia bajo Las Pautas Federales de las Penas (Las 'USSG', sus siglas en inglés) §§ 3C1.1 y 3E1.1, comentario (nota 4), el acto cometido entre su declaración de culpabilidad y la imposición de sentencia.

## II. LOS ELEMENTOS DEL DELITO

Las partes están de acuerdo en que los elementos del delito del cuál el acusado se declarará culpable son los siguientes:

*Primero:*     El acusado era indocumentado (que no era ciudadano ni nacional de Estados Unidos) en la fecha en cuestión según la acusación formal;

*Segundo:*     el acusado había sido deportado y expulsado anteriormente de los Estados Unidos;

*Tercero:*     el acusado a sabiendas volvió a entrar en y a él se le encontró en los Estados Unidos; *y*

*Cuarto:*     el acusado no había recibido consentimiento de las debidas autoridades legales para volver a solicitar su ingreso legal a los Estados Unidos.

Ojo:   El acusado reconoce haber sido él condenado por un delito mayor antes de su expulsión de los Estados Unidos.  Éste no es un elemento esencial del delito sino un factor para tomar en cuenta el Juzgado cuando dicte la sentencia. *Véase Almendarez-Torres v. United States,* 523 U.S. 224, 235 (1998).

2

### III. PENALIDADES LEGALES

La pena máxima por quebrantamiento del 8 U.S.C. § 1326(a) y (b)(1) es de hasta un máximo de 10 años de prisión; una multa máxima de hasta $250,000.00, o ambas cosas; y no más de tres (3) años de libertad vigilada/supervisada; y un gravamen especial de $100.00. Si al acusado se le impone un plazo de probatoria o de libertad supervisada, quebrantamiento de cualquiera de las condiciones de la supervisión podrá tener como consecuencia una pena adicional de prisión.

### IV. CONSECUENCIAS ADICIONALES

La condena por este delito mayor podrá ocasionar la pérdida de los derechos civiles incluyendo, pero no limitados a: el derecho de tener un arma de fuego; de votar; de desempeñar un cargo público; y de servir como miembro de un jurado en un juicio. Si el acusado es indocumentado, el resultado puede ser que él quede o deportado o expulsado de los Estados Unidos, o en el futuro le podrán denegar al acusado la entrada en los Estados Unidos, o le podrán denegar también la ciudadanía de Estados Unidos.

### V. ESTIPULACIÓN (ACUERDO) TOCANTE A LOS HECHOS

Las partes están de acuerdo que existe una base en los hechos para su declaración de culpabilidad que hará el acusado conforme a este convenio declaratorio. La base mencionada se expondrá a continuación. Ya que el Juzgado, como parte de su metodología para determinar la condena que impondrá, tiene que calcular el rango de penas según las pautas consultivas para el delito del cuál quedará condenado el acusado, tomar en cuenta la conducta relevante, y tomar en cuenta los demás factores que dispone el 18 U.S.C. §3553, y resulta que hechos adicionales también se podrán

incluir a continuación que puedan tener importancia en mencionadas consideraciones y cómputos. Si en algo las partes del convenio no estuvieran de acuerdo en cuanto a los hechos que se detallan a continuación, este acuerdo de los hechos identificaría los hechos discutidos a la hora de realizarse este convenio declaratorio.

Esta estipulación o acuerdo tocante a los hechos no impide que cualquiera de las partes de este punto en adelante le presente al Juzgado hechos adicionales con tal que éstos no contradigan los hechos ya acordados entre las partes y que tengan importancia en los cálculos del Juzgado en cuanto a las pautas, los otros factores de la ley del 18 U.S.C. § 3553, o en la decisión del Juez en general respecto a la sentencia.

Las partes están de acuerdo en cuanto a los siguientes hechos:

Que el acusado es ciudadano y natural de México sin el derecho de estar legalmente bajo las leyes de Inmigración en los Estados Unidos. Al acusado lo habían expulsado de los Estados Unidos en las fechas del 28 de agosto de 2010, el 30 de agosto de 2011, y el 6 de julio de 2013. El acusado no buscó ni obtuvo permiso para volver legalmente a los Estados Unidos. En otras palabras, él no buscó ni obtuvo el consentimiento explícito como para volver legalmente a Estados Unidos. No obstante, él volvió al país. Los oficiales de inmigración al acusado lo encontraron el 3 de enero de 2018 en el Distrito de Colorado.

Con respecto a sus antecedentes penales, resulta que el acusado ha quedado condenado del siguiente delito mayor antes de su expulsión:

- <u>El 25 de agosto de 2011</u>: en el Tribunal de Distrito del Condado de Denver, Colorado, el acusado quedó condenado por el delito de Posesión de una Sustancia Regulada—más de 4 gramos.

- <u>El 26 de junio de 2013</u>:  en el Tribunal Federal del Distrito de Colorado, el acusado quedó condenado por el delito de Reentrada Ilegal de un Indocumentado Expulsado, por el cual se le impuso sentencia del tiempo cumplido (o sea, 'tiempo servido').  13-cr-00135-LTB.

## VI. <u>LOS CÁLCULOS DE LAS PAUTAS CONSULTIVAS Y AVISO DEL 18 U.S.C. DEL ARTÍCULO § 3553</u>

Las partes comprenden que las Pautas Federales de las Penas de EEUU son de índole consultiva solamente aunque representan un punto de partida o de referencia para el Juzgado en lo que se refiere a la sentencia.  Las partes entienden que la imposición de pena en este caso es regida por el 18 U.S.C. (Código Penal de EEUU), § 3553.  Antes de determinar la pena en particular que se le haya de imponer, el Juzgado se verá obligado a tomar en cuenta siete factores, uno de ellos siendo el mismo rango de penas calculado por el Juzgado con base en las pautas consultivas expedidas por la Comisión de las Penas Impuestas en Sentencia de Estados Unidos. Con el fin de ayudarle al Juzgado en este respecto, las partes han incluído a continuación sus propios cálculos del rango de las pautas consultivas según las Pautas Federales de las Penas de Estados Unidos.  Si en algún aspecto de los cálculos las partes no estuvieran
de acuerdo, los puntos discutidos se expondrían en la sección a continuación.

Las partes no están de acuerdo en cuanto a las pautas apropiadas para este caso porque el acusado cree que sería el Manual, edición de 2015, el apropiado para utilizar, pero la fiscalía cree que sería el manual, edición de 2016 la correcta.  Los dos cálculos se exponen a continuación:

5

<u>El cálculo del acusado, utilizando el manual de las pautas de noviembre de 2015 sigue a continuación:</u>

A.  El nivel básico del delito es el **8.**

B.  Las siguientes características específicas del delito se aplican:

Se aplica un aumento de **4 puntos en el nivel** debido a que el acusado fue anteriormente condenado por un delito mayor antes de quedar deportado de los Estados Unidos.

C.  No hay aumentos por haber víctimas, por el papel jugado en el delito, por estorbo de justicia, o por haber más de un cargo.

D.  El nivel delictivo ajustado sería, por lo tanto, **12**.

E.  El acusado debe de recibir una reducción de **2 puntos en el nivel** de la tabla por aceptar su responsabilidad. El nivel delictivo total que resulta sería, por lo tanto, **10**.

F.  Las partes reconocen que el cálculo de la categoría de antecedentes penales del acusado es provisional. La categoría se determina por el Juzgado con base en las condenas previas del acusado. Con base en la información disponible actualmente, se calcula que su categoría de antecedentes penales es la **V.**

G.  Se supone que los hechos respecto a los antecedentes penales son correctos y por lo tanto no habrá más aumentos por reincidencia delictiva, por dedicación a la delincuencia, ni por uso de arma de fuego por parte de un delincuente reincidente.

    H.    <u>Prisión</u>: La escala de las pautas consultivas que resulta del nivel delictivo **10** y la categoría de antecedentes penales mencionada es de **21 a 27** meses. Sin embargo, con el fin de sacar la mayor precisión posible y ya que la categoría de antecedentes penales no se ha determinado definitivamente todavía, el rango de penas que resulta del nivel delictivo calculado antes podría, teóricamente, oscilar desde 6 hasta de 30 meses.

<u>El cálculo de la fiscalía utilizando el manual de las pautas en efecto desde noviembre de 2016 es lo siguiente:</u>

    A.    El nivel básico del delito es el **8.**

    B.    Las siguientes características específicas del delito se aplican:

Se aplica un aumento de **14 puntos en el nivel** debido a que el acusado fue anteriormente condenado por (1) un delito mayor de Reentrada Ilegal. § U.S.S.G. (Pautas Federales) 2L1.2(b)(1)(A), y (2) condenado de un delito mayor con base en su conducta ocurrida después de emitírsele la primera orden de expulsión y por la cual se le impuso sentencia de cinco años. § U.S.S.G. 2L1.2(b)(3)(A)

    C.    No hay aumentos por haber víctimas, por el papel jugado en el delito, por estorbo de justicia, o por haber más de un cargo.

    D.    El nivel delictivo ajustado sería, por lo tanto, **22**.

    E.    El acusado debe recibir una reducción de 3 puntos en el nivel por aceptar su responsabilidad bajo § 3E1.1. El nivel delictivo total que resulta sería de **19.**

    F.    Las partes reconocen que el cálculo de la categoría de antecedentes penales del acusado es provisional. La categoría se determina por el Juzgado con base en las condenas previas del acusado. Con base en la información disponible actualmente, se calcula que su categoría de antecedentes penales es la **V.**

7

G. Se supone que los hechos respecto a los antecedentes penales son correctos y por lo tanto no habrá más aumentos por reincidencia delictiva, por dedicación a la delincuencia, ni por uso de arma de fuego por parte de un delincuente reincidente.

H. <u>Prisión</u>: La escala de las pautas consultivas que resulta utilizando el nivel delictivo total de **19** y la categoría de antecedentes penales mencionada es de **57 a 71** meses. Sin embargo, con el fin de sacar la mayor precisión posible y ya que la categoría de antecedentes penales no se ha determinado definitivamente todavía, el rango de penas que resulta del nivel delictivo calculado antes podría, teóricamente, oscilar desde un mínimo de 30 meses hasta de 78 meses.

I. <u>Multa</u>: Según la pauta § 5E1.2, y suponiendo que el nivel calculado del delito es 18 o 19, entonces el rango de multas para este delito sería de $10,000 hasta de $100,000.00, mas intereses y sanciones aplicables. La escala de multas en nivel 10 sería de $4,000 hasta de $40,000.00.

J. <u>La Libertad Supervisada</u>: Según la pauta § 5D1.2, el plazo de libertad supervisada es de un mínimo de un año hasta máximo de tres años.

Las partes comprenden que aunque el Juzgado tomará en cuenta el cálculo según las pautas sacado por las partes, el Juzgado tiene que tomar su propia determinación del rango aplicable de las pautas. Al hacerlo, el Juzgado no está obligado a seguir las posturas de ninguna de las partes. Las partes entienden que el Juzgado tiene la libertad, al tomar en cuenta debidamente y al aplicar todos los factores de la ley del 18 U.S.C. § 3553, de imponerle al acusado una pena razonable que en su opinión sea apropiada en el ejercicio de su autoridad y que mencionada pena puede

8

ser menos que lo que sale en las pautas consultivas (en cuanto a su duración o la forma), de la misma tabla de las pautas consultivas, o puede ser mayor que el rango de las pautas, inclusive hasta la pena máxima que permite la ley, sin importarle los cálculos ni las posturas de las partes tocante a los factores de la ley del 18 U.S.C. § 3553.

## VII.  LA TOTALIDAD DEL CONVENIO

Este documento incluye todo lo que se ha acordado entre las partes.  No hay otras promesas, acuerdos (ni <<acuerdos secretos>>), condiciones, entendimientos o garantías, ni explícitas ni implícitas.  Al cumplirse este convenio, ni la fiscalía ni el acusado han contado ni contarán con ninguna condición, promesa, término, ni garantía que no conste explícitamente por escrito en este Convenio Declaratorio.

Fecha: 4/5/2019

_____
Deivy Romero-López
El Acusado

Fecha: 4/5/2019

_____
Lic. Matthew Belcher
Abogada del acusado

Fecha: _____

_____
Lic. Daniel McIntyre
Fiscal federal especial delegado

*Patrick O'Connor, U.S. Courts certified interpreter and FPD staff interpreter, do hereby attest that I have translated this plea agreement into Spanish to the best of my abilities and that it is a true and faithful reproduction of the original document.    4/3/2019*

9