IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 18-cr-00096-LTB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DEIVY ROMERO-LOPEZ,

        Defendant.

**DEFENDANT'S OBJECTIONS TO THE ADDENDUM
TO THE PRESENTENCE REPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW the Defendant, Deivy Romero-Lopez, by and through his attorney of record, Assistant Federal Public Defender Matthew K. Belcher, and hereby submits the following objections to the Addendum to the Presentence Report, filed with the Court on June 24, 2019, and would show as follows:

    **I.**    **2015 Guidelines Manual:**

    In the Addendum, Probation has incorrectly calculated the advisory guidelines range that would apply to Mr. Romero-Lopez. Probation's error is that it is attempting to use a conviction that occurred on August 4, 2017, to increase the base offense level for an Illegal Reentry that occurred on July 11, 2016. As § 2L1.2(b)(1) of the 2015 Guidelines Manual clearly states, "if the defendant previously was deported, or unlawfully remained in the United States, *after* a conviction for a felony that is…a crime of violence, increase by 16 levels."

Mr. Romero-Lopez was not deported *after* sustaining a conviction that qualifies as a crime of violence. Mr. Romero-Lopez was last deported from the United States on July 6, 2013, through the Port of Entry in Eagle Pass, Texas. *See* PSR, page 4. Mr. Romero-Lopez had not yet sustained a conviction for felony menacing, which occurred on August 4, 2017, prior to his last deportation, which occurred on July 6, 2013. As such, Mr. Romero-Lopez, under the 2015 Guidelines Manual, would not be subject to the 16-level increase being advocated by Probation. The calculations contained in Mr. Romero-Lopez's previous objections to the Presentence Report are correctly calculated.

## II.    Criminal History Category:

Mr. Romero-Lopez was found to have returned to the United States on July 11, 2016, when he was arrested by the Adams County Sheriff's Office, fingerprinted, processed, booked, and then released to a detox facility. Probation does not deny this evidence, but merely tries to sweep it under the rug by suggesting, without evidence, that Mr. Romero-Lopez *could have* returned to Mexico after his July 11, 2016, arrest, but quickly returned prior to his May 27, 2017, arrest. *See* PSR, page 5, footnote 2. However, as aptly noted by Judge Blackburn in *Hart v. Colvin*, "[t]he lack of evidence is not evidence, and does not constitute an adequate substitute for proper analysis of the evidence…" 67 F.Supp.3d 1280, 1284 (D.Colo. 2014).

The proper analysis of the evidence here requires the Court to determine whether the government knew, or could have known through the exercise of diligence typical of law enforcement, that on July 11, 2016, when Mr. Romero-Lopez was arrested by the Adams County Sheriff's Office, (1) Mr. Romero-Lopez was a prior deportee; (2) Mr. Romero-Lopez was illegally present in the United States; and (3) Mr. Romero-Lopez's whereabouts. *See United States v. Olivas-Perea*, 297 F.Supp.3d 1191, 1207 (D. New Mexico, 2017). If the answer is yes, then

Mr. Romero-Lopez was found in the United States on July 11, 2016, and, at that time, he was not under a criminal justice sentence – meaning he should not receive the two additional criminal history points being advocated by Probation. With a total offense level of 10 and a criminal history category of V, Mr. Romero-Lopez's 2015 advisory guidelines range would be **21 to 27 months**.

    Respectfully submitted,

    VIRGINIA L. GRADY
    Federal Public Defender


    /s/ Matthew K. Belcher
    MATTHEW K. BELCHER
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, Colorado  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    Email:  Matthew_Belcher@fd.org
    Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2019, I electronically filed the foregoing ***Defendant's Objections to the Addendum to the Presentence Report*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email address:

Daniel Robert McIntyre, Assistant U.S. Attorney
Email:  daniel.mcintyre@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Deivy Romero-Lopez
via mail

/s/ Cecilia Hernandez
Cecilia Hernandez, Legal Assistant
Office of the Federal Public Defender