**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.  18-cr-00096-LTB

    UNITED STATES OF AMERICA,

        Plaintiff,

v.

    DEIVY ROMERO-LOPEZ
        *a/k/a Davie Romero-Lopez*
        *a/k/a Jonathan Aria-Ramirez*

        Defendant.

---

**UNITED STATES' RESPONSE TO THE DEFENDANT'S OBJECTION TO THE PSIR [ECF-27]**

---

The United States of America, through the undersigned Special Assistant U.S. Attorney hereby submits its response to the defendant's objection to the PSIR [ECF-27].

In his objection, the defendant objects to four separate aspects of PSIR.

1. <u>Response to the defendant's Objection No. 1</u>

The defendant asserts that the Court should use the 2015 guideline manual when calculating his advisory guideline range.  His position is based on the claim that he was "found" in the United States at the time he was stopped for driving under the influence in Adams County, Colorado in 2016.  The defendant is mistaken.  The Court should use one of two dates as the operative date in this case, either May 27, 2017 or January 3, 2018.

Either date would result in using the 2018 guideline manual as relied on by the probation department.

Illegal Re-entry in violation of 8 U.S.C. § 1326(a) is a continuing offense. *United States v. Villarreal-Ortiz*, 553 F.3d 1326, 1330 (10th Cir. 2009). Illegal Re-entry is "first committed when the defendant voluntarily reenters the country and continues to be committed until the defendant is 'found.'" *Id.* An alien is "found" when the government knows or should know with the exercise of typical diligence 1) that the alien is a prior deportee, 2) that the defendant is illegally present in the United States, and 3) the defendant's location. *Id.* Although it is unknown exactly when the defendant returned, the Guideline Manual provides that "the last date of the offense of conviction is the controlling date for *ex post facto* purposes." U.S.S.G. § 1B1.11(b)(1) and application note 2. The defendant in this case has stipulated to having been "found" on January 3, 2018. *See* [ECF-1] and [ECF-23] (plea agreement with stipulation of facts).

Even if the Court did not bind the defendant to his stipulation of the date of offense, the underlying fact do not support his claim either. The defendant was not "found" in July 2016 because immigration authorities were not aware of his presence and could not have been so aware using reasonable diligence. The documents submitted by the defendant demonstrate that he was not arrested, but, instead, was issued a summons. Consequently, he was never booked into the system and Immigration and Customs Enforcement (ICE) was not notified of his presence. ICE would have no way of knowing of a local DUI arrest unless specifically notified and it is unreasonable to impute the knowledge of local authorities – not tasked with enforcing immigration laws – to ICE. The

defendant is largely accurate in his description of the Secure Communities program. In a nutshell, that program provides notification to ICE when an individual is arrested and booked into jail by state or local law enforcement. However, the defendant was not arrested and booked into jail in 2016, so no notification was made under the program. Rather, when the defendant was contacted by local law enforcement in July 2011, he was transported to an Adams County Sheriff's Office substation so the officer could administer a test to determine the defendant's blood alcohol content. [ECF-27-1, p.4 of 15]. He was then issued a summons and notice of revocation and was released to a detox facility. *Id.*

The defendant was next contacted by law enforcement on May 27, 2017. The defendant <u>was</u> booked into jail and ICE <u>was</u> electronically notified of his presence. However, ICE was not able to physically encounter the defendant until January 3, 2018 when he was in custody in El Paso County, Colorado. Although government believes the January 3, 2018 date is the correct "found" date, there is a colorable argument that ICE was aware of the defendant's presence and location on May 27, 2017 based on the fingerprint "hit" from Adams County. Consequently, the government believes the Court should apply as the operative date whichever of those two dates is most favorable to the defendant if there is any difference between the two. However, neither date would support using the 2015 Sentencing Guideline Manual.

2. <u>Response to the defendant's Objection No. 2</u>

The government agrees with the defendant and probation that the conviction in paragraph 32 receives two criminal history points.

3. <u>Response to the defendant's Objection No. 3</u>

The government agrees with the defendant that no criminal history points should be added for being under a criminal justice sentence at the time this offense was committed. While the government believes the January 3, 2018 is technically the correct "found" date, based on the discussion above regarding the defendant's May 27, 2017 arrest, the Court should give the benefit of the doubt to the defendant and use that date for guideline purposes.  The defendant was not under a criminal justice sentence on May 27, 2017 so the two points would not apply.

4. <u>Response to the defendant's Objection No. 4</u>

The United States disagrees with the defendant's analysis but believes this is an issue better reserved for argument.  Thus, the government will further address the issue of supervised release at the sentencing hearing, if appropriate.

<u>Conclusion</u>

Based on the positions above, the government believes the defendant's total offense level is 19, and he has eleven criminal history points resulting in a criminal history category of V.  Thus, his advisory guideline range should be 57-71 months.

Respectfully submitted June 26, 2019

          JASON R. DUNN
          UNITED STATES ATTORNEY

      BY: *s/ Daniel R. McIntyre*
         Daniel R. McIntyre
         Special Assistant United States Attorney
         1801 California St. Suite 1600
         Denver, CO 80202
         Tel: 303-454-0100
         Daniel.McIntyre@usdoj.gov

         Attorney for the Government

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send an email notification of such filing to all counsel of record.

*s/ David Vu*
David Vu
Legal Assistant
United States Attorney's Office