1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 18-cr-0096-LTB

UNITED STATES OF AMERICA,

Plaintiff,

vs.

DEIVY ROMERO-LOPEZ,

Defendant.

-----------------------------------------------------------------

REPORTER'S TRANSCRIPT
(Change of Plea)

-----------------------------------------------------------------

Proceedings before the HONORABLE LEWIS T. BABCOCK, Judge, United States District Court for the District of Colorado, commencing at 9:04 a.m., on the 5th day of April, 2019, in Courtroom A801, United States Courthouse, Denver, Colorado.

APPEARANCES

  DANIEL R. McINTYRE, Assistant U.S. Attorney, 1801 California Street, Suite 1600, Denver, Colorado 80202, appearing for the plaintiff.

  MATTHEW K. BELCHER, Office of the Federal Public Defender, 633 Seventeenth Street, Suite 1000, Denver, Colorado 80202, appearing for the defendant.

MARY J. GEORGE, FCRR, CRR, RMR
901 19th Street, Denver, Colorado 80294
Proceedings Reported by Mechanical Stenography
Transcription Produced via Computer

|   |   |
|---|---|
| 1 | P R O C E E D I N G S |
| 2 | (Call to order of the court at 9:04 a.m.) |
| 3 | THE COURT:  All right.  Please swear our |
| 4 | interpreter. |
| 5 | (Interpreter sworn in) |
| 6 | THE COURT:  This is 18-cr-96, United States versus |
| 7 | Deivy Romero-Lopez.  Mr. McIntyre appears for the Government |
| 8 | and Mr. Romero is present with his attorney, Mr. Belcher, |
| 9 | for this change of plea hearing. |
| 10 | Let me just ask -- I don't normally do this, but |
| 11 | see if you got it in your page -- okay, there's a dispute as |
| 12 | to whether the November 2015 guideline manual applies or the |
| 13 | 20- -- November 2016 guideline manual applies.  Why?  I |
| 14 | expect that you're going to give me some written argument |
| 15 | about that. |
| 16 | MR. BELCHER:  I will, Your Honor.  But essentially |
| 17 | from my investigation, Mr. Romero-Lopez entered the United |
| 18 | States in 2016 and was encountered and arrested by law |
| 19 | enforcement in July of 2016, which predates the amendments |
| 20 | to the guideline that took place in November of 2016. |
| 21 | And my review of the case law is that if Mr. Romero |
| 22 | was back and was found by law enforcement, that they would |
| 23 | have known or reasonably should have known that he was here |
| 24 | illegally and that's the definition of "found" in the Tenth |
| 25 | Circuit case law that I've reviewed. |

```
1              THE COURT:  Well, there's a significant difference
2    in the guidelines, I think --
3              MR. BELCHER:  Yes.
4              THE COURT:  -- from what I read.
5              MR. BELCHER:  Makes quite a difference.
6              THE COURT:  So you all will brief it.  I'm sure
7    I'll have some written argument and that the probation
8    officer will also weigh in and then I'll make a decision.
9              MR. BELCHER:  Sounds good, Your Honor.  Thank
10   you.
11             THE COURT:  Mr. Romero, would you go to the podium
12   with your attorney, please, sir.  And if you would raise
13   your right hand, you'll be sworn by this lady right over
14   there.
15        (Defendant sworn in)
16        (All responses given through the interpreter)
17             THE COURT:  Would you state your name, please.
18             THE DEFENDANT:  Deivy Romero-Lopez.
19             THE COURT:  You're under oath so your answers to my
20   questions must be truthful under penalty of perjury.  You
21   understand this?
22             THE DEFENDANT:  Yes.
23             THE COURT:  How old are you?
24             THE DEFENDANT:  29.
25             THE COURT:  Where were you born?
```

1        THE DEFENDANT:  In Tepic Nayarit, Mexico.
2        THE COURT:  Are you married?
3        THE DEFENDANT:  I'm engaged.
4        THE COURT:  Okay.  Do you have children?
5        THE DEFENDANT:  Yes.
6        THE COURT:  How many?
7        THE DEFENDANT:  Three.
8        THE COURT:  When you work, what kind of work do you
9    normally do?
10       THE DEFENDANT:  Construction, painting, clean-up.
11       THE COURT:  Have you ever been treated for any form
12   of a mental disorder?
13       THE DEFENDANT:  No.
14       THE COURT:  Are you under any treatment by a
15   physician now for mental issues?
16       THE DEFENDANT:  No.
17       THE COURT:  Are you today under the influence of
18   any type of a drug, narcotic, or intoxicant?
19       THE DEFENDANT:  No.
20       THE COURT:  You are represented by Mr. Belcher as
21   your attorney.  When you met with him, was an interpreter
22   present with you to assist?
23       THE DEFENDANT:  Yes.
24       THE COURT:  And when you met with Mr. Belcher and
25   he gave you advice, did you review the plea agreement and

|    |                                                                  |
|----|------------------------------------------------------------------|
| 1  | statement in advance of plea here?                               |
| 2  |     THE DEFENDANT:  Yes.                     |
| 3  |     THE COURT:  Did Mr. Belcher fully explain to you |
| 4  | this plea agreement?                                             |
| 5  |     THE DEFENDANT:  Yes.                     |
| 6  |     THE COURT:  And did he explain to you -- I'm going |
| 7  | to get to that in a minute.                                      |
| 8  |     First of all, I want you to look at some papers you |
| 9  | have in front of you.  Court Exhibit 1 is your plea              |
| 10 | agreement.  And is your signature on page 8 of that              |
| 11 | document?                                                        |
| 12 |     THE DEFENDANT:  Yes.                     |
| 13 |     THE COURT:  Signed April 5?              |
| 14 |     THE DEFENDANT:  Yes.                     |
| 15 |     THE COURT:  All right.  Court Exhibit 1A is the |
| 16 | same document, but is written in Spanish.  And is that your      |
| 17 | signature on page 9?                                             |
| 18 |     THE DEFENDANT:  Yes.                     |
| 19 |     THE COURT:  Also signed April 5?         |
| 20 |     THE DEFENDANT:  Yes.                     |
| 21 |     THE COURT:  Then Court Exhibit 2 is your statement |
| 22 | in advance of a plea of guilty.  And did you sign page 8 of      |
| 23 | that document?                                                   |
| 24 |     THE DEFENDANT:  Yes.                     |
| 25 |     THE COURT:  And you signed that on April 5? |

1              THE DEFENDANT:  Yes.
2              THE COURT:  Then Court Exhibit 2A is the same
3    document, but in Spanish.  And did you sign -- let's see,
4    where are we -- page 7 of that document?
5              THE DEFENDANT:  Yes.
6              THE COURT:  On April 5; is that right?
7              THE DEFENDANT:  Uhm-hum.
8              THE COURT:  What is the highest grade of education
9    that you have completed?
10             THE DEFENDANT:  I did one year of college.
11             THE COURT:  And where was that?
12             THE DEFENDANT:  In Jalisco Nayarit, Mexico.
13             THE COURT:  Okay.  I take it that -- well, Spanish
14   is your language, right?
15             THE DEFENDANT:  Yes.
16             THE COURT:  I take it that you read and write the
17   Spanish language.
18             THE DEFENDANT:  Yes.
19             THE COURT:  So when you signed these papers, was
20   Mr. Belcher with you?
21             THE DEFENDANT:  Yes.
22             THE COURT:  Was an interpreter also present?
23             THE DEFENDANT:  Yes.
24             THE COURT:  Did you read the Spanish translations
25   of these documents?

```
1              THE DEFENDANT:  Yes.
2              THE COURT:  If you had any question about what they
3    mean or how they will affect you here, did Mr. Belcher
4    answer your questions to your satisfaction?
5              THE DEFENDANT:  Yes.
6              THE COURT:  Do you understand these papers?
7              THE DEFENDANT:  Yes, I do.
8              THE COURT:  Did you sign them freely and
9    voluntarily?
10             THE DEFENDANT:  Yes.
11             THE COURT:  Other than what the Government promises
12   to you that is in the plea agreement, did anyone promise you
13   anything else?
14             THE DEFENDANT:  No.
15             THE COURT:  Did anyone make any threats against you
16   or anyone else?
17             THE DEFENDANT:  No.
18             THE COURT:  So is it correct that you signed these
19   papers freely and knowingly, intelligently, understanding
20   the papers?
21             THE DEFENDANT:  Yes.
22             THE COURT:  Okay.  All right.  Now, Mr. Belcher is
23   your court-appointed lawyer, right?
24             THE DEFENDANT:  Yes.
25             THE COURT:  Has he been available to give you
```

```
1    advice at reasonable times?
2            THE DEFENDANT:  Yes.
3            THE COURT:  Has he been clear and understandable in
4    his advice to you?
5            THE DEFENDANT:  Yes.
6            THE COURT:  And when you worked with your lawyer,
7    was an interpreter present with you?
8            THE DEFENDANT:  Yes.
9            THE COURT:  So did Mr. Belcher fully review with
10   you and explain to you the charge against you in this case?
11           THE DEFENDANT:  Yes.
12           THE COURT:  Did he tell you exactly what the
13   Government must prove beyond a reasonable doubt before you
14   could be found guilty?
15           THE DEFENDANT:  Yes.
16           THE COURT:  And did he review with you and explain
17   to you all of the possible penalties and the consequences to
18   you of pleading guilty under this plea agreement?
19           THE DEFENDANT:  Yes.
20           THE COURT:  And did he review with you and explain
21   to you all of the rights that you have here that you will
22   lose if you plead guilty here?
23           THE DEFENDANT:  Yes.
24           THE COURT:  Are you satisfied with his services as
25   your attorney?
```

1           THE DEFENDANT:  Yes.
2           THE COURT:  Are you satisfied with the services for
3  you by the court interpreters?
4           THE DEFENDANT:  Yes.
5           THE COURT:  Okay.  So as I understand it, you have
6  agreed to plead guilty to the one count of charge against
7  you in the indictment.  That charges you with a violation of
8  the 8 United States Code Section 1326(a) and (b)(1), known
9  as illegal reentry of a previously deported alien following
10  a felony conviction.  In return for that plea of guilty, the
11  Government has promised to you, and agreed to recommend to
12  me, that I give you full credit -- this would be under the
13  sentencing guidelines -- because of your acceptance of
14  responsibility, unless you engage in some conduct that would
15  disqualify you for that sentencing adjustment.  Is this the
16  agreement that you understand you have?
17           THE DEFENDANT:  Yes.
18           THE COURT:  Correctly stated, Mr. Belcher?
19           MR. BELCHER:  Correctly.
20           THE COURT:  Mr. McIntyre?
21           MR. McINTYRE:  Yes, Your Honor.
22           THE COURT:  All right. If you would look with me
23  at page 2 of your plea agreement in Spanish.  You see
24  there's a heading entitled Elements of the Offense.  And
25  then there is set forth four separate elements of the

1  offense.  What I want you to understand is that the
2  Government on a plea of not guilty would always have the
3  burden to prove each and every one of these four elements
4  beyond a reasonable doubt to the unanimous satisfaction of a
5  jury.  Do you understand that?
6              THE DEFENDANT:  Yes.
7              THE COURT:  Okay.  I do want you to look with me --
8  with me at -- I think page 5 of your plea agreement and --
9  let's see if I can correlate it -- I am told in the
10 agreement that you and your lawyer disagree as to which
11 edition of sentencing guidelines applies to your case.
12             You see, what we will be doing is obtaining a
13 presentence report from the probation department.  Now, in
14 that report, the probation officer will look to the
15 circumstances of the offense, to your history and your
16 characteristics of criminal convictions.  Then what the
17 probation officer will do will look to the guidelines that
18 apply in order to set a sentence for you within a range of
19 months.
20             Well, it depends in your case under this plea
21 agreement which edition of these guidelines applies, whether
22 it is the November 2015 guideline book or the November 2016
23 guideline book.
24             Now, if it is the 2015 set of guidelines that
25 applies, there would be recommended to me a sentence of

1   between 21 and 27 months.  But if the 2016 guideline
2   applies, the recommended sentence would be between 57 and 71
3   months.  It's a big deal.  It will be my responsibility to
4   answer this question.  Do you understand that?
5          THE DEFENDANT:  Yes.
6          THE COURT:  Okay.  I do have to tell you what the
7   maximum penalty is provided by law for the offense that you
8   will be pleading guilty to, and that is a sentence to not
9   more than 10 years in prison, payment of a fine not more
10  than $250,000, or both.  Do you understand that?
11         THE DEFENDANT:  Yes.
12         THE COURT:  As a part of any sentence that I may
13  impose, the law provides that I could impose a sentence of
14  what we call three years of supervised release, which means
15  that you will be under the supervision of a federal
16  probation officer, but your conduct would be controlled by
17  certain conditions.  If you violated any of those
18  conditions, it could result in an additional period of time
19  in prison.  Do you understand that?
20         THE DEFENDANT:  Yes.
21         THE COURT:  Okay.  You will have to pay a $100
22  special assessment fee.  Do you understand this?
23         THE DEFENDANT:  Yes.
24         THE COURT:  I might add right here that if I impose
25  a term of supervised release, it will probably contain a

1   condition that if you are deported or removed from this
2   country, you not illegally reenter this country again.  If
3   you violated that condition, it could result in an
4   additional period of sentence in this case as well as
5   perhaps a new charge.  Do you understand that?
6            THE DEFENDANT:  Yes.
7            THE COURT:  All right.  And being sentenced -- or
8   being convicted of the offense here can cause you to lose
9   certain civil rights, including the right to possess a
10  firearm, vote in elections, hold an elected office, or serve
11  on a jury.  Do you understand this?
12           THE DEFENDANT:  Yes.
13           THE COURT:  And it could result in adverse
14  consequences to you under the immigration laws of this
15  country such as being denied admission to the United States
16  and denied citizenship.  Do you understand that?
17           THE DEFENDANT:  Yes.
18           THE COURT:  Okay.  Any questions so far as to what
19  I've told you?
20           THE DEFENDANT:  No, that's -- everything's fine.
21           THE COURT:  If you would look with me at page 3 of
22  your plea agreement in Spanish.  Toward the bottom of that
23  page there's a heading titled Stipulation of Facts.  Did you
24  read that carefully?
25           THE DEFENDANT:  Yes.

1  THE COURT: Is what is stated there the truth?
2  THE DEFENDANT: Yes.
3  THE COURT: Okay. Now, I want you to know that you
4  have the right here to plead not guilty to this charge and
5  have your guilt or nonguilt determined at a trial before a
6  jury of 12 fair citizens of the District of Colorado.
7  At this trial that I'm telling you about, the law
8  presumes that you are innocent. That presumption of
9  innocence is there to protect you throughout that trial
10 unless and until the Government is able to prove each and
11 every one of those elements that I went over with you to the
12 unanimous satisfaction of the jury beyond a reasonable
13 doubt.
14 Now, that burden of proof is always on the
15 Government and so this means you have no burden to prove or
16 disprove anything at all. You can -- you have a
17 constitutional right against self-incrimination, so no one
18 can force you to testify and incriminate yourself. You have
19 no responsibility or duty to present any evidence.
20 Now, I instruct the jury that if you choose not to
21 testify, they can't consider that or hold it against you in
22 any way.
23 At this trial, though, you have the right, of
24 course, to be represented by adequate and competent counsel.
25 And that is your right whether you could afford to hire an

1  attorney or not.  Because you can't afford to hire an
2  attorney, Mr. Belcher is appointed here to -- to represent
3  you free of charge.
4        At the trial that I tell you about, you have the
5  right to confront, that means, look at and listen to
6  witnesses called to testify against you, and then through
7  your lawyer cross-examine those witnesses by asking them
8  hard questions to test the strength of the Government's
9  evidence.
10       Now, while you have no burden to prove or disprove
11 anything, you do always have the right to present evidence
12 in your own defense.  If you were to choose to do so, you
13 would have the right to testify in your own defense.
14       Now, do you understand this right of jury trial
15 that I have explained to you?
16       THE DEFENDANT:  Yes.
17       THE COURT:  If you plead guilty here today, you
18 will not have that trial because you're giving up your right
19 to that trial.  Do you understand that?
20       THE DEFENDANT:  Yes.
21       THE COURT:  Once you plead guilty, you can't just
22 change your mind and take it back.  Do you understand this?
23       THE DEFENDANT:  Yes.
24       THE COURT:  Once you plead guilty, you have no
25 right to appeal the fact of your conviction either.  Do you

1    understand that?

2            THE DEFENDANT:  Yes.

3            THE COURT:  Now, I told you what the maximum
4    penalty is provided by law in this case.  I also reviewed
5    with you briefly these sentencing guidelines.  What I want
6    to tell you is that these sentencing guidelines advise me as
7    to a sentence within a range of months.  As I said,
8    you're -- I'm going to have to answer the question as to
9    whether it's a 2015 or 2016 edition that applies here.

10            You will have a right to review the presentence
11   report with your attorney.  The Government can also review
12   it.  Then if there are any objections to that report, they
13   can be made known to me.  It's my responsibility, then, to
14   answer those objections, look to see what guideline applies,
15   apply the guidelines to the circumstances of your offense in
16   your circumstances to come to a sentence within a range of
17   months that I must apply unless there are extraordinary
18   reasons why the sentence could go above or below that
19   guideline range.

20            Do you understand that the sentencing decision must
21   be my decision?  Do you understand this?

22            THE DEFENDANT:  Yes.

23            THE COURT:  Has anyone promised you what sentence
24   you will receive here?

25            THE DEFENDANT:  No.

| | |
|---|---|
| 1 | THE COURT: Okay. Now, you understand the charge |
| 2 | against you? |
| 3 | THE DEFENDANT: Yes. |
| 4 | THE COURT: Do you understand the possible |
| 5 | penalties to you and the consequences of pleading guilty |
| 6 | here today? |
| 7 | THE DEFENDANT: Yes. |
| 8 | THE COURT: All right. And do you understand what |
| 9 | rights you are giving up by pleading guilty? |
| 10 | THE DEFENDANT: Yes. |
| 11 | THE COURT: Anything further before arraignment, |
| 12 | Mr. McIntyre? |
| 13 | MR. McINTYRE: No, Your Honor. |
| 14 | THE COURT: Mr. Belcher? |
| 15 | MR. BELCHER: No, Your Honor. Thank you. |
| 16 | THE COURT: Okay. So in the indictment against |
| 17 | you, the grand jury charges that on or about January 3, |
| 18 | 2018, in the State and District of Colorado, the defendant, |
| 19 | Deivy Romero-Lopez, a-k-a Deivy Romero-Lopez -- I mean Davie |
| 20 | Romero-Lopez, a-k-a Jonathan Aria-Ramirez, an alien, was |
| 21 | found in the United States after having been denied |
| 22 | admission, excluded, deported and removed from the United |
| 23 | States on or about July 6th, 2013, and without the express |
| 24 | consent of the proper legal authority to reapply for |
| 25 | admission to the United States on violation Title 8 United |

1   States Code Section 1326(a).
2            Then there is a notice of enhanced penalty.  It
3   says that the defendant is subject to the enhanced penalty
4   under Title 8 United States Code Section 1326(b)(1) because
5   his denial of admission, exclusion, deportation and removal
6   was subsequent to a conviction for a felony offense.
7            Do you understand this charge?
8            THE DEFENDANT:  Yes.
9            THE COURT:  How do you plead to this charge?
10           THE DEFENDANT:  Guilty.
11           THE COURT:  Are you pleading guilty freely and
12  voluntarily?
13           THE DEFENDANT:  Yes.
14           THE COURT:  Other than what is promised to you in
15  the agreement that we've talked about, did anyone promise
16  you anything else that caused you to plead guilty?
17           THE DEFENDANT:  No.
18           THE COURT:  Did anyone make any threats against you
19  or anyone else causing you to plead guilty?
20           THE DEFENDANT:  No.
21           THE COURT:  Are you pleading guilty to this charge
22  fully understanding the charge that you are pleading guilty
23  to?
24           THE DEFENDANT:  Yes.
25           THE COURT:  And fully understanding the possible

1  penalties and the consequences to you by pleading guilty?
2          THE DEFENDANT:  Yes.
3          THE COURT:  And fully understanding the rights that
4  you lose by pleading guilty?
5          THE DEFENDANT:  Yes.
6          THE COURT:  All right.  I will accept your plea of
7  guilty to the charge in the indictment, and I find and
8  conclude that you appear before me today alert, not under
9  the influence of any type of a drug, narcotic, or
10 intoxicant.  I find and conclude that you have responded to
11 my questions and my statements in a manner that convinces me
12 that you understood my questions and statements and you made
13 truthful and knowing responses.
14         I find and conclude that your plea of guilty has
15 been entered knowingly, intelligently, and competently,
16 fully understanding the charge you're pleading guilty to,
17 the possible penalties, and consequences of that plea, and
18 the rights that you lose as a result.
19         I also find and conclude that you have had the
20 benefit of adequate and competent counsel and interpreter
21 services.  And, finally, I find and conclude that there
22 exists a factual basis for your plea of guilty to this
23 charge.
24         What did you study in college?
25         THE DEFENDANT:  Public safety and security.

```
1              THE COURT:  How ironic.
2              THE DEFENDANT:  I know.
3              THE COURT:  Okay.  There's always something.
4              Let's set a sentencing hearing.  How about Friday,
5    June 28 at 9:00?
6              MR. McINTYRE:  That works for me, Your Honor.
7              MR. BELCHER:  I will be out of town that Friday,
8    Your Honor.
9              THE COURT:  All right.  Let's go over to the next
10   week.  How about Wednesday, July 3d, at 9:00?
11             MR. McINTYRE:  That works for me, Your Honor.
12             MR. BELCHER:  That works for me as well, Your
13   Honor.
14             THE COURT:  Okay.  Do you understand the word
15   "ironic"?
16             THE DEFENDANT:  Yes.
17             THE COURT:  I guess you do.  Okay.
18             Emily, have I got everything, you think?
19             COURTROOM DEPUTY:  Yes, Your Honor.
20             THE COURT:  Anything further, Mr. McIntyre?
21             MR. McINTYRE:  No, Your Honor.  Thank you.
22             THE COURT:  Mr. Belcher?
23             MR. BELCHER:  Nothing further, Your Honor.  Thank
24   you.
25             THE COURT:  Thank you.  We will be in recess and
```

1    the defendant is remanded.
2         (Proceedings concluded at 9:32 a.m.)
3
4                    *    *    *    *    *
5                    REPORTER'S CERTIFICATE
6
7         I certify that the foregoing is a correct transcript
8    from the record of proceedings in the above-entitled matter.
9         Dated at Denver, Colorado, this 11th day of September,
10   2019.
11
12
13                            *[signature: Mary J. George]*
14
                             _____
                             MARY J. GEORGE, FCRR, CRR, RMR
15
16
17
18
19
20
21
22
23
24
25