7021 0350 0001 4681 6248

Deivy Romero-Lopez, pro-se.
Reg. No. 17144-308
FCI Williamsburg
Federal Correctional Institution
P.O. Box 340
Salters, SC 29590

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**DEC 01 2021**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

JEFFREY P. COLWELL
CLERK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 1:18-CR-00096-LTB-1 |
| Respondent, ) | |
| vs. ) | MOTION TO CORRECT A MISTAKE ARISING FROM OVERSIGHT OR OMISSION IN THE JUDGMENT |
| DEIVY ROMERO-LOPEZ, ) | (Fed. R. Crim. P. Rule 36; Fed. R. Civ. P. Rule 60(a)) |
| Defendant. ) | |
| | The Hon. Lewis T. Babcock, U.S. District Judge |

---

Deivy Romero-Lopez, the defendant pro-se, moves the Court pursuant to Federal Rule of Criminal Procedure, Rule 36; and Federal Rule of Civil Procedure, Rule 60(a). He states as follows:

Mr. Deivy Romero-Lopez convicted of illegally reentering the United States after being removed. 8 U.S.C. §1326(a), (b)(1). The crime of illegal reentry begins when a noncitizen returns to this country after removal and continues until he or she is "found" in the United States.

7021 0350 0001 4681 6248

I. Legal Standard

Federal Rule of Criminal Procedure 36 provides that after "giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." See Fed. R. Crim. P. 36. However, the Tenth Circuit has recognized that a district court may invoke Federal Rule of Civil Procedure 60(a) after the entry of final judgment to "resolve an ambiguity in its original order to more clearly reflect its contemporaneous intent and ensure that the court's purpose it fully implemented." Burton v. Johnson, 975 F.2d 690, 694 (10th Cir. 1992).

Mr. Lopez filed a BOP request for "jail" and "services of sentence" credits toward his federal sentence. On January 3, 2018 Lopez was arrested for the criminal acts that formed the basis of both state and federal charges. At sentencing, the court ordered that he serve a term of fifty-seven months, to run concurrent to sentence imposed in Adams County District Court, Case Number 17CR1930 and El Paso County District Court, Case Number 18CR93. See J&C, at 2 of 4. According to Lopez's Sentence Computation Data Sheet, he was only given "160-days of Willis' credits" to the concurrent federal sentence. In Lopez's request sought "designation" of the state prison where he served his concurrent federal sentence, including the 160-days "Willis" credits, as the place for "service-of-sentence" credits for all time beginning January 3, 2018 through June 10, 2018. The BOP responded:

7021 0350 0001 4681 6248

> The judge ordered a concurrent sentence with an imposition (start date) of 7-19-2019. If the judge intended for you to receive jail credits from 1-3-2018 thru 6-10-2018, the judge would need to specify that in an amended judgment.

Id. See Ex.-A.

WHEREFORE Lopez is asking that the Court to amend its judgment, in Case Number 1:18-CR-00096-LTB-1, to specify its intent that Lopez receive jail credit from January 3, 2018 thru June 10, 2018. He prays in the interest of justice that the Court grant this motion.

Dated: November 23, 2021

Respectfully submitted,

_____
Deivy Romero-Lopez, pro-se.
Reg. No. 17144-308
FCI Williamsburg
Federal Correctional Institution
P.O. Box 340
Salters, SC 29590

3