IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  18-cr-00096-LTB

UNITED STATES OF AMERICA,

 Plaintiff,

v.

DEIVY ROMERO-LOPEZ,

 Defendant.

_____

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO CORRECT A MISTAKE ARISING FROM OVERSIGHT OR OMMISSION IN THE JUDGMENT**
_____

  The United States of America, by and through United States Attorney Cole Finegan and Assistant United States Attorney Albert Buchman, respectfully files this Response to Defendant's "Motion to Correct a Mistake Arising from Oversight or Omission in the Judgment" ("Motion). [Dkt. 50.]

  Specifically, Defendant requests the Court amend its judgment so that he receives credit on his federal sentence for the time-period between January 3, 2018, and June 10, 2018. [Dkt. 50 a 3.] In response, the Government asserts that the Bureau of Prisons ("BOP") already awarded credit for this time-period.

  The Government has conferred with Probation Officer Meaghan Mills, who joins in this response on behalf of the United States Probation Office.

1

## RELEVANT PROCEDURAL HISTORY

Defendant was arrested by state authorities on January 3, 2018, and charged in District Court in El Paso County in Case No. 18CR93 [Dkt. 26, ¶ 33.] Defendant was detained and prosecuted in the state case first. [*See* Ex. 1.] There, he was sentenced on June 11, 2018, approximately 160 days after the arrest. [*See* Ex. 1.] That same arrest ultimately led to charges in the present federal case. [*See id*. ¶ 10.] The period from arrest to state sentencing is the time-period at issue here.

Defendant was indicted in the present case on February 22, 2019, and sentenced on July 19, 2019, to a 57-month prison sentence to run concurrent to both the El Paso County Case No. 18CR93 and an Adams County Case No. 17CR1930.[1] His sentence commenced pursuant to 18 U.S.C. § 3585(a) on the same date. [Dkt. 50-3.]

## BUREAU OF PRISONS AWARDED THE CORRECT CREDIT

In his Motion, Defendant requests the Court amend its judgment here to "specify its intent that [he] receive jail credit from January 3, 2018 thru June 10, 2018." [Dkt. 50 at 3.] That period, as noted above, is the period from his arrest to the judgment in the El Paso County Case No. 18CR93. Essentially, Defendant argues that he did not receive credit for that time-period in the present case. [*See id.* at 2.] His belief seems to arise from an advisement he received from the Bureau of Prisons in an "Inmate Request to Staff." [*See id.* at 2-3.]

---

[1] In Adams County Case No. 17CR1930, Defendant was sentenced to one year in the Colorado Department of Corrections on August 28, 2018. [Dkt. 26, ¶ 32.] That sentence does not impact the analysis here.

2

Defendant's own Exhibit B, however, shows that he was in fact awarded credit for that time-period. [Dkt. 50-3 at 3.] Exhibit B, "Sentence Monitoring Computation Data as of 10-20-2021," shows that he received "jail credit" from January 3, 2018, through June 11, 2018, 160 days of credit. [*Id.*] Furthermore, in the remarks section, the data further indicate that 160 days of "Willis" credit was given on the "fed sent ordered c/c to Co. state cases." [*Id.*]. To confirm the accuracy of Exhibit B, Probation Officer Mills requested current sentence monitoring computation data. That data as of December 20, 2021, contains identical credit calculations. [*See* Ex. 2.]

Examining the posture of the present case, the Government asserts that BOP's calculations are correct. See *United States v.* Wilson, 503 U.S. 329, 334 (1992) (BOP determines sentencing computations). Willis credit is authorized by 18 U.S.C. § 3585(b) and is awarded when a federal sentence is run concurrent to a state sentence and the state offense's Raw Expiration Full Term (Raw EFT) is less than the federal's Raw EFT. *See Sentence Computation Manual*, Program Statement 5880.28, at 1-21 to 1-22. In other words, if the state term's expiration without credit applied is before the federal's, BOP will award a grant credit for presentence time spent in state custody. *See Herron v. Warden, USP-Leavenworth*, 2020 WL 969864, at 3 (D. Kan. 2020) (discussing the operation of Willis/Kayfez credit).

Defendant was correctly awarded 160 days of Willis credit in Exhibit B. [Dkt. 50-3.] Defendant was sentenced to five years in the Colorado Department of Corrections in El Paso No. 18CR93 on June 12, 2018. His 57-month federal sentence began running concurrently on July 19, 2019. At the commencement of his federal sentence, a little over

3

one year had run on his state sentence, and thus his 5-year state term was set to expire prior to the expiration of his 57-month federal sentence. Accordingly, the BOP awarded Willis credit for the period his state case was pending: 160 days.

Looking at the data closer, Defendant's 57-month sentence, without any credit, would have originally been set to expire approximately in March of 2024. With the 160 days of Willis credit and 256 days of earned and projected Good Conduct Time (GCT) applied to that expiration date, his satisfaction date calculates in February of 2023, which is displayed in the data. [*See* Dkt. 50-3 at 3.] Thus, the Government asserts that Defendant's projected release date, with Willis credit applied, also appears correct in Exhibit B. [*See id.*]

Overall, Defendant's Motion requests credit for a time-period for which he in fact has received credit. There is no additional entitled credit for this Court to consider. While it is unfortunate that the Bureau of Prisons seemingly gave Defendant incorrect information in Exhibit A [*See* Dkt. 50-1], that advice did not have any legal effect on his computation.

## **DEFENDANT IS NOT ENTITLED TO ANY FURTHER CREDIT**

In his Motion, Defendant does not explicitly request credit for any other time-period. However, it is worth noting that Defendant is not entitled to any credit for the time the present federal case was pending.

Here, Defendant entered federal custody on January 23, 2019, on a writ from the state, and his federal sentence commenced 177 days later on July 19, 2019. 18 U.S.C. § 3585(a) [*See* Dkt. 14; 50-3 at 3.] During this time, the state retained primary jurisdiction

because Defendant appeared in federal court on a state writ. [Dkt. 14.] Thus, Defendant was not entitled to credit for time in federal custody. *See Hernandez v. U.S. Atty. Gen*, 689 F.2d 915, 918-919 (10th Cir. 1982) (state retains primary jurisdiction over a defendant delivered on a writ). Furthermore, no explicit adjustments that could account for that time-period were imposed per USSG § 5G1.3 or § 5K2.23. [Dkt. 35.]

## CONCLUSION

The Government requests that the Court deny Defendant's Motion. The credit he requests was correctly applied by the Bureau of Prisons.

DATED this 20th day of December, 2021.

COLE FINEGAN
United States Attorney

s/ Albert Buchman
ALBERT BUCHMAN
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Telecopier: (303) 454-0403
E-mail: Al.buchman@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

s/ *Albert Buchman*
ALBERT BUCHMAN
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Telecopier: (303) 454-0403
E-mail: al.buchman@usdoj.gov