IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Criminal Case No. 18-cr-00096-LTB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DEIVY ROMERO-LOPEZ,

        Defendant.

_____

ORDER
_____

This matter is before me on a "Motion to Correct a Mistake Arising from Oversight or Omission in the Judgment" filed *pro se* by Defendant Deivy Romero-Lopez, who is currently incarcerated and serving a sentence of imprisonment in Federal Correctional Institution-Williamsburg. [**Doc #50**] Mr. Romero-Lopez asks that the judgment in his case be amended so that he receives credit on his federal sentence for the time-period between January 3, 2018, and June 10, 2018. Both the Government and the United States Probation Office indicate, in the Government's response [Doc #54], that the Federal Bureau of Prisons ("BOP") has already awarded him credit for this time period. Because the record supports the Government's position that the BOP properly calculated and applied Mr. Romero-Lopez's prior custody credit, I DENY the motion.

1

Mr. Romero-Lopez was arrested on January 3, 2018, and was charged in the District Court in El Paso County in Case No. 18CR93 (the "El Paso County case"). [Doc. #28] Mr. Romero-Lopez was detained and prosecuted in that case, and was sentenced on June 11, 2018, approximately 160 days after his arrest. That arrest ultimately led to charges in this federal case. [Doc #54-1] The time period from his arrest to sentencing in the El Paso County case is the period at issue here.

Mr. Romero-Lopez was indicted in this case on February 22, 2019, and was subsequently sentenced, on July 19, 2019, to a 57-month term of imprisonment to run concurrent to both the El Paso County case and another state case in the District Court in Adams County Case No. 17CR1930 (the "Adams County case"). [Docs #1, #34, #5 & #50-2] Mr. Romero-Lopez was sentenced on June 12, 2018, to a five year term of imprisonment on the El Paso County case [Doc #28 ¶33] and on August 28, 2018, to a one year term in the Adams County case. [Doc #28 ¶32] His 57-month federal term of imprisonment began running concurrently on July 19, 2019, when he was sentenced in this case. At the start of his federal sentence, a little over one year had run on his El Paso County case sentence, and thus his 5-year state term was set to expire prior to the expiration of his 57-month federal sentence. *See generally* 18 U.S.C. §3585(b)(authorizing "Willis" credit when a federal sentence is to run concurrent to a state sentence); *Herron v. Warden*, USP-Leavenworth, 2020 WL 969864 (D. Kan. 2020)(unpublished)(indicating the procedure for determining when state presentence time is to be credited towards a

2

federal sentence under *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971)).

Mr. Romero-Lopez now requests that the Court amend its judgment in this case to "specify its intent that [he] receive jail credit from January 3, 2018, thru June 10, 2018." [Doc #50 pg. 3] However, the "Sentence Monitoring Computation Data as of 10-20-2021" form – attached as Exhibit C to Mr. Romero-Lopez's motion – indicates that he was awarded credit for the time-period at issue. [Doc #50-3 pg. 2] Specifically, it shows that he received 160 days of "jail credit" from January 3, 2018, through June 11, 2018.  Additionally, it further indicates in the "Remarks" section of the form, that 160-days of "Willis" credit was given on the "fed sent ordered c/c to Co. state cases." [Doc #50-3 pg. 2] The Government avers that "[t]o confirm the accuracy of Exhibit [C], Probation Officer [Meghan] Mills requested current sentence monitoring computation data [and] that data as of December 20, 2021, contains identical credit calculations." [Docs #54 pg. 3 & #54-2]

As a result, the BOP properly awarded Mr. Romero-Lopez 160 days of credit for the period he was detained while the El Paso County case was pending from his arrest on January 3, 2018, though sentencing in that case on June 11, 2018. In this motion Mr. Romero-Lopez requests sentence credit for a time-period for which he has already received credit. While it appears that the BOP staff might have provided Mr. Romero-Lopez incorrect information in response to his inmate request dated October 31, 2021, *see* Doc #50-1, the Government avers, and I agree, that it

did not have any legal effect on his sentence computation as the credit he requests was correctly applied by the BOP.

ACCORDINGLY, I DENY Defendant Deivy Romero-Lopez's Motion to Correct a Mistake Arising from Oversight or Omission in the Judgment. [**Doc #50**]

Dated: January 25, 2022, in Denver, Colorado.

                                BY THE COURT:

                                s/Lewis T. Babcock_____
                                LEWIS T. BABCOCK