IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  18-cr-00096-LTB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEIVY ROMERO-LOPEZ,

    Defendant.

_____

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION**
_____

The United States of America, by and through United States Attorney Cole Finegan and Assistant United States Attorney Albert Buchman, respectfully files this Response to Defendant's "Motion for Reconsideration" ("Motion"). Dkt. 56. Specifically, Defendant requests the Court award credit on his federal sentence for the time-period between his January 3, 2018, arrest and commencement of federal sentence on July 19, 2019. *Id.* at 5. In response, the Government asserts that Court is without authority to do so.

**RELEVANT PROCEDURAL HISTORY**

Defendant was arrested by state authorities on January 3, 2018, and charged for drug distribution in El Paso County Case No. 18CR00093. Dkt. 26 ¶ 33. Defendant was detained and prosecuted in the state case first, where he was sentenced to five-years prison on June 11, 2018, approximately 161 days after the arrest. *Id.*

1

The same arrest ultimately led to charges in the present federal case. However, the present case involved Defendant illegal reentry under 8 U.S.C. § 1326(a) and (b)(1), separate and apart from the drug distribution in the state case. *See id*. ¶ 10.

Defendant was indicted in the present case on February 22, 2019 and entered federal custody on January 23, 2019, on a writ. He was sentenced on July 19, 2019, to a 57-month prison sentence to run concurrent to both the El Paso County Case No. 18CR93 and an Adams County Case No. 17CR1930.[1] His sentence commenced pursuant to 18 U.S.C. § 3585(a) on the same date. He did not receive any credit from the time he entered federal custody on the writ to the commencement of his federal sentence. *See* Dkt. 26 at 1 ("As the defendant appeared on a writ from E Paso County … he is not entitled to presentence confinement credit in this case); Dkt. 35 (judgment silent as to credit for this period).

Defendant filed a "Motion to Correct a Mistake Arising from Oversight or Omission in the Judgment" on December 1, 2020, where he sought credit from the period of arrest to commencement of his state sentence. Dkt. 50. The Court denied that motion on January 25, 2022. Dkt. 55. Defendant filed the present "Motion for Reconsideration" on March 4, 2022. Dkt. 56.

### The Bureau of Prisons Determines Credit

In his Motion, Defendant that he "should be awarded credit from January 3, 2018, through July 19, 2019." Dkt. 56 at 5. Thus, he requests credit from the time of his arrest

---

[1] In Adams County Case No. 17CR1930, Defendant was sentenced to one year in the Colorado Department of Corrections on August 28, 2018. Dkt. 26 ¶ 32. That sentence does not impact the analysis here.

2

to his federal sentencing and immediate commencement thereafter. He grounds this request on the argument that "… the El Paso County arrest ultimately led to charges in this federal case." *Id.* at 4.

Credit is awarded pursuant to 18 U.S.C. § 3585(b). The United States Supreme Court held in *United States v. Wilson* that the federal district court is without authority under this statute to award credit. 503 U.S.329, 335 (1992). Rather, the Attorney General (through his delegate, the Bureau of Prisons, "BOP" by way of 28 C.R.R. § 0.96) makes determinations of credit. *Id.*

Accordingly, this Court is without jurisdiction to award credit per Defendant's present request. *See also United States v.* Brown, 212 Fed. Appx. 747, 755 (10th Cir. 2007) (citing *United States v.* Jenkins, 38 F.3d 1143. 1144 (10th Cir. 1994). To the extent Defendant feels that improper credit has been awarded, administrative remedies within BOP are appropriate. *United States v. Nieto*, 494 F. Supp. 1181, 1194 (D. New Mexico 2020) ("a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence.").

### For the Sake of Argument, Defendant's Request for Credit is Without Merit

Credit is determined by operation of 18 U.S.C. 3585(b). That statute reads in relevant part,

> A defendant shall be given credit toward the service of a term of imprisonment for any time he spent in official detention prior to the date the sentence commences … (1) as a result of the offense for which the sentence was imposed … that has not been credited against another sentence.

Defendant's request fails under the statute.

Defendant broadly claims that he is entitled to credit from the arrest to the commencement of his federal sentence because "the El Paso County arrest ultimately led to charges in this federal case." Dkt. 56 at 4. It is true that Defendant was encountered by immigration officials on the same date of his drug distribution arrest in the El Paso County case. *C.f.,* Dkt. 26 ¶ 8 (facts of this case), ¶ 33 (facts of El Paso). However, the El Paso state offense does not arise from the same transaction as the federal. Rather, the former involves drug distribution while the second involves Defendant's prior removal from the United States and his subsequent illegal reentry. *See* Dkt. 1 (indictment).

These distinct state and federal offenses do not constitute the same "offense" under 18 U.S.C. § 3585(b)(1) not only because they involve distinct conduct but also because the El Paso case constitutes an offense against the state of Colorado, while the present case is an offense against a separate sovereign, the United States. *See U.S. v. Moore*, 978 F.2d 1029, 1030-1031 (8th Cir. 1992) (interpreting "offense" under 18 U.S.C. § 3585(b)(1) where federal and state conduct arose from the same transaction). Because the state and federal conduct are separate offenses, Defendant is not entitled to any federal credit for time spent in custody in his state case pursuant 18 U.S.C. § 3585(b)(1)0 The state offense is simply not the offense for which the federal sentence is imposed. Accordingly, Defendant is not entitled to credit during the "dead time gap between [his] June 12, 2019 El Paso County sentence and the July 19, 2019 57-month federal term of imprisonment." Dkt. 56 at 5. During that time, he was serving his five-year El Paso prison sentence.

To the extent Defendant is entitled to any credit from his state cases, he received appropriate "Willis" federal credit from the time of his arrest to the commencement of his state sentence, as was previously determined by this Court. Dkt. 55, *see also* Dkt. 26 ¶ 33 (161 days credit). Furthermore, Defendant is also not entitled to federal credit from the time he entered federal custody on a writ to the commencement of his federal sentence here, *See Hernandez v. U.S. Atty. Gen*, 689 F.2d 915, 918-919 (10th Cir. 1982) (state retains primary jurisdiction over a defendant delivered on a writ).

## **LIBERAL CONSTRUMENT**

Defendant claims this Court has failed to liberally construe his pleadings. Dkt. 56 at 4. He seemingly directs this at the Courts order, Dkt 55, ruling on his previous "Motion to Correct a Mistake Arising from Oversight or Omission in the Judgment." *See Id.* at 4. To that argument, Defendant states that he mistakenly requested credit, in his previous motion (Dkt. 50), from arrest until July 17, 2019. *Id.* In the very next paragraph here, he requests credit from his arrest until July 19, 2019. In context, it appears that he means July 17, 2019 to mean July 19, 2019, the commencement of his federal sentence, especially because nothing substantive happened on the former date in this case.

At any rate, the Court did not fail to liberally construe Defendant's previous motion, Dkt. 50. There, Defendant was clear regarding dates, both in his plain language and his arguments, and the Court reasonably read and considered his arguments in issuing its order, Dkt. 55. *See Hall v. Bellmon*, 935 F. 1106, 1110 (10th Cir. 1991). For the Court to consider additional dates not stated in that motion, as Defendant proposes the Court failed in doing, the Court would have had to impermissibly serve as an advocate. *United*

5

*States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). Accordingly, The Court did not fail in its obligation to liberally construe the previous motion.

Defendant clarifies and restates his previously mistaken request in the present motion—that he now requests credit from arrest to commencement of his federal sentence. Thus, any mistakes Defendant made in the previous motion are now presented here for consideration. The Government has responded to those above.

## **CONCLUSION**

The Government requests that the Court deny Defendant's Motion for Reconsideration.

DATED this 16th day of March, 2022.

COLE FINEGAN
United States Attorney

s/ Albert Buchman
ALBERT BUCHMAN
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Telecopier: (303) 454-0403
E-mail: Al.buchman@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 16, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                                            s/ *Albert Buchman*
                                            ALBERT BUCHMAN
                                            Assistant United States Attorney
                                            United States Attorney's Office
                                            1801 California Street, Suite 1600
                                            Denver, Colorado 80202
                                            Telephone: (303) 454-0100
                                            Telecopier: (303) 454-0403
                                            E-mail: al.buchman@usdoj.gov