IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Criminal Case No. 18-cr-00096-LTB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DEIVY ROMERO-LOPEZ,

        Defendant.

_____

ORDER
_____

This matter is before me on a Motion for Reconsideration filed *pro se* by Defendant Deivy Romero-Lopez. [Doc #56] Mr. Romero-Lopez asks for reconsideration of my order, dated January 25, 2022 [Doc #55], in which I denied his "Motion to Correct a Mistake Arising from Oversight or Omission in the Judgment." [Docs #50] The Government has filed a response. [Doc #58] After consideration of the arguments raised, I DENY Mr. Romero-Lopez's Motion for Reconsideration.

## I. BACKGROUND

Mr. Romero-Lopez was arrested on January 3, 2018, and charged with drug distribution in El Paso County Case No. 18CR00093. He was detained and prosecuted, and then sentenced on the El Paso County case to a five-year term of

imprisonment, on June 11, 2018. [Doc #26 pg. 10] The El Paso County arrest ultimately led to charges in this case for illegal reentry after deportation in violation of 8 U.S.C. §1326(a) and (b)(1). [Doc #1] As such, Mr. Romero-Lopez entered federal custody, via writ, on January 23, 2019. [Docs #7 & #14] After he pled guilty, Mr. Romero-Lopez was sentenced in this case by this Court on July 19, 2019, to a 57-month prison sentence to run concurrent to the sentence he was serving in the El Paso County case and to an unrelated case out of Adams County. [Doc #34] Mr. Romero-Lopez's term of imprisonment in this case commenced on July 19, 2019, the day he was sentenced, pursuant to 18 U.S.C. §3585(a). He did not receive any credit on his sentence for the time he entered federal custody on January 23, 2019, on the writ, to the date of the commencement of his federal sentence on July 19, 2019. The Presentence Investigation Report indicates that because Mr. Romero-Lopez "appeared on a writ from El Paso County … he is not entitled to presentence confinement credit in this case." [Doc #26 pg. 1] The judgment in this case does not provide Mr. Romero-Lopez with any sentence credit. [Doc #35]

## II.  POST-CONVICION MOTIONS

In his initial request for relief, filed on December 1, 2021, entitled "Motion to Correct a Mistake Arising from Oversight or Omission in the Judgment," Mr. Romero-Lopez asked that I credit his federal sentence here for the approximately 5-month time period between January 3, 2018 (the day he was arrested in the El Paso

County case) to June 10, 2018 (the day before he was sentenced in the El Paso County case). [Doc #50] I denied the motion on the basis that the "record supports the Government's position that the [Bureau of Prisons] properly calculated and applied Mr. Romero-Lopez's prior custody credit." [Doc #55]

Mr. Lopez-Romero has now filed the motion at issue here, entitled "Motion for Reconsideration," in which he seeks reconsideration of my denial. [Doc #56] He now clarifies that he is seeking credit towards his federal sentence for the approximately 18-month time period between January 3, 2018 (the day he was arrested in the El Paso County case) to July 19, 2019 (the day he was sentenced in this federal case). [Doc #56 pg. 5] Mr. Lopez-Romero seeks credit for this time period on the basis that his El Paso County arrest "ultimately led to charges in this federal case." [Doc #56 pg. 2]

### III. STANDARD OF REVIEW

Because he is proceeding *pro se*, I review Mr. Romero-Lopez's pleadings and filings liberally. *See United States v. Custard*, 193 F. App'x 770, 771 n.1 (10th Cir. 2006)(unpublished)(citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). To the extent that Mr. Romero-Lopez contends that I failed to apply this standard when ruling on his initial motion, in that I misunderstood the period of time for which he was seeking sentencing credit, I am readdressing his request as set forth in this motion.

## IV. ANALYSIS

Initially, I note that I am without jurisdiction to award sentencing credit to Mr. Romero-Lopez for prior custody pursuant to 18 U.S.C. §3585(b). *United States v. Nieto*, 494 F. Supp.3d 1181, 1193-94 (D.N.M. 2020)(ruling that "a sentencing court is without jurisdiction to award credit under §3585(b) for time served in prior custody at sentencing . . . the authority resides with the Attorney General, as exercised by the federal Bureau of Prisons")(citing *United States v. Brown*, 212 F. App'x 747, 755 (10th Cir. 2007)(unpublished) and *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994)).

Furthermore, I note that §3585(b) provides that credit is given by the Bureau of Prisons for time spent in "detention prior to the date the sentence commences … as a result of the offense for which the sentence was imposed …". 18 U.S.C. §3585(b)(1). While Mr. Romero-Lopez's assertion that the El Paso County arrest "ultimately led to charges in this federal case" may be true, the drug distribution conviction in El Paso County does not arise from the same transaction as the federal conviction here for illegal reentry. The state drug distribution offense and the federal offense for illegal entry are not the same "offense," as set forth in §3585(b), and thus credit is not available for Mr. Romero-Lopez's time in detention on the El Paso County conviction.

ACCORDINGLY, I DENY the Motion for Reconsideration filed by Defendant Deivy Romero-Lopez. [Doc #56]

Dated: April 1, 2022, in Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock

LEWIS T. BABCOCK